UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANYSSA SPENCER,

      Plaintiff,

v.                                                                    Case No. 23-cv-11913
                                                                      Honorable Linda V. Parker

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

      Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 14) AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 10)

This case arises from the COVID-19 pandemic and Defendant Blue Cross Blue Shield of Michigan's decision to deny Plaintiff Anyssa Spencer a religious exemption from its mandatory vaccination policy. Spencer initiated this action on August 4, 2023, asserting the following claims: (I) religious discrimination based on a failure to accommodate her religious beliefs in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (II) disparate treatment discrimination in violation of Title VII; and (III) disparate treatment and intentional discrimination based on religion in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). (ECF No. 1.)

Blue Cross Blue Shield of Michigan ("BCBSM") answered Spencer's Complaint (ECF No. 8) but now seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 10).  Spencer filed a response to the motion (ECF No. 15) but also moved to file an amended pleading pursuant to Federal Rule of Civil Procedure 15(a) (ECF No. 14).  Both motions have been fully briefed.

The matter was reassigned to the undersigned pursuant to Administrative Order 24-AO-001 on January 31, 2024.  Because the Court concludes that Spencer's proposed Amended Complaint alleges sufficient facts to support her claims and that the remaining considerations weigh in favor of allowing her to file her amended pleading, it is granting the motion to amend and is denying as moot BCBSM's Rule 12(c) motion.

## I.    Applicable Standards

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pursuant to Rule 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a).  The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.*

BCBSM does not argue bad faith, undue delay, or prejudice in response to Spencer's motion to file an amended complaint.  Instead, it relies on futility.  An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule

12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## II.    Factual Allegations[1]

Spencer worked for BCBSM from October 2017 until January 5, 2022, most recently as a Team Leader.  (ECF No. 1 at PageID. 3, ¶ 9.)  In November 2021, BCBSM announced a mandatory COVID-19 vaccination policy for its employees and contractors, requiring immunization by December 8, 2021.  (*Id.* ¶¶ 10-11.) Employees seeking an accommodation for religious or medical reasons were required to do so by November 11.  (*See id.* at PageID. 3-4, ¶ 13.)

Spencer sought a religious exemption from BCBSM's vaccine policy, but the request was denied resulting in her ultimate termination effective January 5, 2022.  (*See id.* at PageID. 6, ¶¶ 35-36, 38.)  She alleges that BCBSM's process for interviewing employees who sought an accommodation was arbitrary and deficient and resulted in inconsistent decisions.  (*See id.* at PageID. 4-5, ¶¶ 16-29.)  She further alleges that BCBSM used the mandatory vaccination policy to reduce staffing costs and to avoid the need to incentivize employees to take early retirement to accomplish that goal.  (*Id.* at PageID. 5, ¶ 30.)

---

[1] The Court provides a general summary here and discusses the allegations in more depth as relevant to the pending motions in the next section.

### III.  Applicable Law & Analysis

Spencer claims BCBSM violated Title VII and the ELCRA by failing to accommodate her "sincerely held religious beliefs" and grant her exemption request.  She also claims that BCBSM violated Title VII and the ELCRA by rejecting her accommodation request when similarly situated employees with different religious beliefs were granted exemptions to the vaccination policy.

### A.  Sincerely Held Religious Beliefs

BCBSM argues that Spencer's claims must be dismissed and her request to amend denied because she fails to plead sufficient facts to plausibly allege that her objections to the COVID-19 vaccine are based on sincerely held religious beliefs.

In her Complaint, Spencer alleges that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer[,]" and "holds sincere *bona fide* religious beliefs that preclude her from receiving a COVID-19 vaccine."  (ECF No. 1 at PageID. 6, 10 ¶¶ 34, 61.)  The Court need not decide whether these allegations are sufficient, however, as Spencer provides a more expansive explanation of her beliefs in the proposed Amended Complaint.  (*See* ECF No. 14-1 at PageID. 139, 143-44, ¶¶ 1, 31-41.)

In its Rule 12(c) motion and response to Spencer's motion to amend, BCBSM cites a long list of cases—albeit none of which are in fact decisions of the undersigned or binding—where allegations similar to Spencer's were found

insufficient to allege a plausible violation of the plaintiff's "sincere religious beliefs." This Court is not convinced that these cases reach the correct result. Even Spencer's allegation that she "holds sincere *bona fide* religious beliefs that preclude her from receiving a COVID-19 vaccine" seem adequate at the pleading stage. In any event, her proposed amended pleading says more.

Specifically, Spencer alleges that while she "does not belong to a particular religious organization or institution[,]" she "derives her morals and conscience from God." (ECF No. 14-1 at PageID. 143, ¶¶ 32-33.) Spencer further alleges that she "believes that God perfectly equipped her immune system with mechanisms to naturally overcome illness; therefore, [she] abstains from all vaccines and treats her body with holistic remedies, including essential oils and herbal medication." (*Id.* at PageID. 143-44, ¶ 34.) Spencer believes "God dwells within her" and that her "religious beliefs form her moral and ethical opposition to invasive techniques of conventional medicine." (*Id*. at PageID. 144, ¶¶ 35-36.) Further it is Spencer's "religious belief . . . that she cannot intentionally inject her body with substances that modify the God-given mechanism of her natural immune system." (*Id*. ¶ 39.)

The question is whether Spencer's beliefs are rooted in religion, rather than personal, political, or medical convictions. *See Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 717 n. 28 (2014)). She alleges they are religious. The sincerity of those beliefs must be

credited when deciding BCBSM's motion for judgment on the pleadings, even if BCBSM is later able to show otherwise.

"[T]he sincerity inquiry 'is almost exclusively a credibility assessment.'" *Ackerman v. Washington*, 436 F. Supp. 3d 1002, 1012 (E.D. Mich. 2020)*, aff'd* 16 F.4th 170 (6th Cir. 2021) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007)) (brackets omitted).  And while a "court may inquire 'into the sincerity of a[n individual]'s professed religiosity[,]' . . . 'the truth of a belief is not open to question[.]'"  *Id*. (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005), then *Moussazadeh v. Tex. Dep't of Crim. Just.*, 703 F.3d 781, 790-91 (5th Cir. 2012)).  "[C]ourts do not inquire into whether a belief is 'mistaken or insubstantial[.]'" *Ackerman*, 16 F.4th at 180-81 (quoting *New Doe Child #1 v. Cong. of U.S.*, 891 F.3d 578, 586-87 (2018)).  Further, "[w]hile sincerity is important, 'it must be handled with a light touch, or 'judicial shyness.'"  *Id*. (quoting *Moussazadeh*, 703 F.3d at 792).

"To examine religious convictions more deeply, would stray into the realm of religious inquiry, an area into which courts are forbidden to tread."  *Id.* (quoting *Moussazadeh*, 703 F.3d at 792) (brackets omitted).  Finally, sincere religious beliefs are protected regardless of "whether or not [they are] compelled by, or central to, a system of religious belief," and whether or not they "are shared by all members of a religious sect."  *Ackerman*, 436 F. Supp. 3d at 1012 (quoting *Holt*,

574 U.S. at 361).  As the Sixth Circuit has expressed, the "sincerity prong is not a difficult hurdle[.]"  *Id.* at 180.

For these reasons, the Court concludes that it is not futile for Spencer to amend her pleading to expand the allegations to show a sincere religious belief. BCBSM's motion for judgment on the pleadings based on its argument that Spencer insufficiently alleges such a belief is, therefore, denied as moot.

### B.    Disparate Treatment

Title VII and the ELCRA prohibit employers from *inter alia* discriminating against an employee because of the individual's religion.  42 U.S.C. § 2000e-2(a)(1); Mich. Comp. Laws § 37.2202.  Disparate treatment "occur[s] where an employer has 'treated a particular person less favorably than others because of' a protected trait."  *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (quoting *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 985-86 (1988)) (brackets omitted).

Although not raised in its motion for judgment on the pleadings, BCBSM argues in response to Spencer's motion to amend that her disparate impact claims are futile because Spencer fails to allege facts establishing that it treated any similarly situated employee more favorably.  BCBSM asserts that Spencer must provide specifics regarding employees who received more favorable treatment.

The Sixth Circuit recently confirmed that "[a] plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in the[]

8

complaint." *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (2024) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). "Plaintiffs . . . just need to plausibly allege that they were . . . treated differently because of their religion." *Id.* "If a reasonable court can draw the necessary inference of discrimination from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id.* (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

In *Savel*, the Sixth Circuit held that two plaintiffs adequately pled a viable disparate treatment claim where they alleged that the defendant "categorically denied all religious exemption requests [from its COVID-19 vaccination mandate] while granting some nonreligious exemption requests[.]" *Id.* at 944. The defendant supported its decision by claiming that those seeking religious exemptions "could not fully perform their duties remotely and no other reasonable accommodation was available." *Id.* at 937. Some medical exemption requests were granted, however. *Id.*

Unlike *Savel*, Spencer does not allege in her original or proposed amended pleading that BCBSM adopted a categorical policy to deny religious-based exemptions to its COVID-19 vaccination policy. (*See, generally* ECF Nos. 1, 14-1.) In fact, she alleges that BCBSM "determined that some religious beliefs of its employees were valid . . . while others were bogus. (*See, e.g.*, ECF No. 1 at PageID. 16, ¶ 100; ECF No. 14-1 at PageID. 155 ¶ 112.) Nevertheless, the Court

9

concludes that, at the pleading stage, Spencer alleges other facts to plausibly

support this claim.

In her initial Complaint and proposed Amended Complaint, Spencer alleges

that BCBSM "allowed other unvaccinated employees without Plaintiff's same

religious beliefs to be exempted from [its] vaccine mandate policy." (*See, e.g.*,

ECF No. 1 at PageID. 13, ¶ 80; *id.* at PageID. 15, ¶ 91; ECF No. 14-1 at PageID.

152, ¶ 92; *id.* at PageID. 154, ¶ 103.)  Spencer further alleges that she "was treated

differently than similarly situated employees with different religious beliefs who

were allowed to continue working despite not being vaccinated."  (ECF No. 1 at

PageID. 13, ¶ 83, *id. at* PageID. 15 ¶ 95; ECF No. 14-1 at PageID. 152, ¶ 95; *id.* at

PageID. 154, ¶ 107.)  As already stated, she claims that BCBS "determined that

some religious beliefs of its employees were valid . . . while others were bogus."

(ECF No. 1 at PageID. 16, ¶ 100; *see also* ECF No. 14-1 at PageID. 155, ¶ 112.)

Spencer admittedly is not aware of which religious beliefs BCBSM found

"acceptable" and which it "discriminated against," and is relying on discovery to

make this determination.  (ECF No. 1 at PageID. 16, ¶ 101; ECF No. 14-1 at

PageID. 155, ¶ 113.)  Courts have found that this does not render a plaintiff's

allegations speculative, implausible, or unbelievable.  *See Swierkiewicz*, 534 U.S.

at 512 ("Before discovery has unearthed relevant facts and evidence, it may be

difficult to define the precise formulation of the required prima facie case in a

particular case.  Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.”); *Ledesma v. Highlands Wood Gold & Country Club, Inc.*, No 11-cv-359, 2012 WL 1093643, at *4 (M.D. Fla. Apr. 2, 2012).

Moreover, as this case involves the alleged disparate treatment of employees in a particular worksite, as opposed to general members of the public, Spencer’s claimed awareness of the differential treatment is plausible.  In any event, BCBSM has admitted that it approved accommodation requests based on the religious beliefs of some employees while rejecting the requests of others.  (*See* ECF No. 18-1 at PageID. 274-75.)  Finally, Spencer does not need to provide more detail regarding these disparately treated co-workers (e.g., their positions, supervisors, etc...) to allege that they were similarly situated.  Again, this goes to the elements of a prima facie case, which Spencer is not required to plead.  Additionally, BCBSM’s policy applied company wide, rendering distinctions and comparisons between employees irrelevant.

## IV.   Conclusion

For the reasons set forth above, the Court holds that Spencer alleges plausible religious discrimination claims under failure to accommodate and disparate treatment theories in her proposed Amended Complaint.  The Court is, therefore, **DENYING AS MOOT** BCBSM’s motion for judgment on the

pleadings (ECF No. 10) and **GRANTING** Spencer's motion to file an amended

pleading (ECF No. 14.)  Spencer shall file her Amended Complaint within fourteen

(14) days of this Opinion and Order.

       **SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 12, 2024